52 P.(2d) 614

**NEAL v. BOARD OF EDUCATION.**

No. 4073.

Supreme Court of New Mexico.

Dec. 13, 1935.

John R. Brand, of Hobbs, for appellant..
C. M. Neal, of Carlsbad, for appellee.

BRICE, Justice.

This is an appeal from a judgment in a suit to recover attorney's fees from the appellant, board of education of the village of New Hobbs, N.M., and for certain other expenditures made by the appellee in his capacity as attorney for the appellant. The case was tried to the court,. who made findings of fact and conclusions. of law, and entered judgment for the appellee for $900. No exception was taken to any finding made by the court, nor was there any exception taken to the court's refusal to adopt the requested findings of fact and conclusions of law, or any of them, submitted by the appellant. The case, therefore, will be determined in this. court upon the findings of fact made by the trial court (Daniel v. Clark, 39 N.M. 494, 50 P.(2d) 429), from which we deduce those material to the determination of this suit, as follows:

The appellant, the board of education of the village of New Hobbs, is the governing body of New Hobbs municipal school district No. 16 of Lea county, N.M. On the 15th day of July, 1931, the appellee and appellant entered into a contract in writing whereby the appellant employed the appellee as its attorney at law to represent it in certain litigation then pending in the courts. Thereafter at a regular meeting of the board of education of the village of

New Hobbs, the contract was amended so that the amount of compensation for appellee's services was fixed at $1,100.

On December 1, 1931, appellant discharged appellee without just or reasonable cause, and before the close of the litigation which appellee was employed to defend. At the time of his discharge, appellee "had rendered services to the defendant (appellant) as its attorney at law, pursuant to the written contract aforesaid of the reasonable value of Eight Hundred Fifty Dollars ($850.00), and had incurred an expense of Fifty Dollars ($50.00) for abstracts to be used in connection with the defense in said cause"; that the appellant has at all times refused to pay appellee for the services, although demand has been made; that the appellant owes no debts except the claim of appellee; that on the 1st day of December, 1931, there was sufficient in the general maintenance fund of said school district to pay the appellee said sum of $900, which money, before the close of the school year in 1932, had been expended by the appellant for other purposes than the payment of the appellee's claim.

There is outstanding and uncollected a sufficient amount of taxes for the year of 1931 and previous years, apportioned to said school district, to pay the said sum of $900, and costs of this suit; that after the close of the current school year of 1931–32, all delinquent taxes thereafter collected for school maintenance purposes levied for the year of 1931 in all school districts of Lea county were placed by the treasurer of Lea county in a fund called the school maintenance pool fund, out of which fund the unpaid indebtedness of all school districts of Lea county were paid, except the debt here sued on.

That there was in said pool fund, after paying all indebtedness except the indebtedness of the appellee, a sum in excess of $3,000, which said sum was carried forward to the succeeding year of 1932–33, and there is now in said school maintenance pool fund, derived from the 1931 delinquent taxes for school purposes, after the close of the current school year of 1931–32, a sum in excess of the appellee's claim and in excess of the sum of $3,000.

Upon these facts the court concluded, as a matter of law, that the appellee should have judgment for $900 and costs, and that the delinquent taxes levied for the year of 1931 for school maintenance purposes, collected after the close of the current school year of 1931–32, and placed in the school maintenance pool fund, should have been used to pay off the debt due appellee; that the appellee is entitled to have his judgment satisfied from the delinquent taxes collected for the year 1931 and previous years; and, if sufficient funds are not so realized before time for making the levy for 1934, a sufficient levy shall be made against the property of said school district to pay any balance.

Judgment was entered for $900, and the following order made a part thereof: "It is further ordered, adjudged and decreed by the Court that the defendant, the Board

of Education of the Village of New Hobbs, be and it is ordered and directed to draw its warrant upon the Treasury of Lea County, New Mexico, for the said sum of $900.00 and the costs of this suit, payable from any funds which may come into the hands of the defendant from taxes collected from the levy for 1931 and previous years, or from future levies, and that this judgment bear interest at six per cent. per annum from this date."

Three questions are presented by the appellant: First. That the contract sued on is void and unenforceable because not reduced to writing, in that it was for an amount in excess of $200. Second. That the judgment is not collectible because in violation of the Bateman Act, "since there had not been collected from taxes levied for that year (1931) sufficient money to pay said claim." Third. That appellee's claim is payable, if at all, out of the direct charge fund and not out of the maintenance fund. Two other points are made, but they are included in the three we have referred to.

1. The contract, if not in writing, is void by the terms of section 120-804, Comp. Sts.Ann. 1929, as amended by section 5, chap. 119, N.M. Session Laws of 1931, wherein it is provided: "Contracts involving the expenditure of more than Two Hundred Dollars shall be in writing." This same question was before the territorial Supreme Court in Snyder v. Board of Education, 10 N.M. 446, 62 P. 1090. The statute there involved reads as follows: "No expenditure involving an amount greater than two hundred dollars, shall be made except in accordance with the provisions of a written contract, and no contract involving an expenditure of more than five hundred dollars, for the purpose of erecting any public buildings or making any improvements, shall be made except upon sealed proposals, and to the lowest responsible bidder." Section 1581, Comp. Laws 1897.

The court held such contract void if not in writing. The questions are identical, and we see no reason for holding contrary to that decision. However, the district court in his findings of fact found that this contract was in writing, and no exception was taken thereto. In such case, the findings of the court are the facts upon which the case is decided in this court. Harris & Maldonado v. Sperry, 35 N.M. 52, 290 P. 1022.

2. The provision which requires contracts involving the expenditure of an amount in excess of $500 to be in writing and advertised, and let to the lowest bidder, could not apply to the employment of an attorney. Such employment is based upon trust and confidence, and involves skill and ability; also the ethics of the legal profession do not permit attorneys to obtain employment by bidding therefor; all of which must have been well known to the members of the Legislature. As such corporations may sue and be sued and are authorized to employ attorneys, and none could be employed if this statute should apply in such cases, we hold it has no

reference to contracts for the services of attorneys.

■ 3. The Bateman Act (section 33-4241, Comp.Sts.Ann. 1929) provides: "After March 12, 1897, it shall be unlawful for any board of county commissioners, city council, town trustees, board of education, board of trustees, or board of school directors of any school district, for any purpose whatever to become indebted or contract any debts of any kind or nature whatsoever during any current year which, at the end of such current year, is not and cannot then be paid out of the money actually collected and belonging to that current year, and any and all kind of indebtedness for any current year which is not paid and cannot be paid, as above provided for is hereby declared to be null and void."

It is urged that the provision made in the judgment for its payment would, if enforced, violate the Bateman Act. This seems to be correct. The decision of this court in Las Vegas Independent Publishing Co. v. Board of County Com'rs of San Miguel County, 35 N.M. 486, 1 P.(2d) 564, supports appellant. Only the taxes for the year of 1931 can be applied to the payment of this judgment. As there were no other debts incurred in the year of 1931 unpaid, the whole of the delinquent taxes for the year of 1931, collected since December 1, 1931, the date the debt became due, should have been applied to its payment, but such collections have apparently been placed in what is termed a "school maintenance pool fund" into which the delinquent taxes, together with the unused funds of all Lea county school districts, left at the end of each school year are pooled to be used to liquidate debts of the various districts that had no funds for such purpose. No authority for such disposition of the funds (a question not necessary to be answered here) has been cited; but we are confronted with the question raised and not answered in the Las Vegas Independent Publishing Co. Case, supra. Has the provision quoted from the Bateman Act been modified by the transfer provision of the Budget Law (Section 120-607, Comp.Sts.Ann. 1929) or the authority, if any, under which funds are pooled as set out above? The two acts must be harmonized if reasonably possible, and we think this can be done. In preparation of the budget and transfer of funds, there should be held in the account for the preceding year sufficient funds to care for all disputed accounts that, if found just, would be paid out of the tax collected for such year. This was indicated in the Las Vegas Independent Publishing Co. Case, supra. The fact that they were wrongfully transferred to other funds ought not to deprive the appellee of his just debt to the extent that it can legally be paid.

We hold that all funds of the appellant collected, or that will be collected, out of the taxes authorized to be used for the year 1931, but not used during that year, were subject to the payment of appellee's debt, and, if they have been diverted to any other purpose, then appellee is entitled to have them restored in the next tax levy.

4. Such expenditures are "municipal board administrative expense," and should be so budgeted.

We do not hold there cannot be a case in which municipalities would be authorized to employ attorneys irrespective of the provisions of the Bateman Act, such, for instance for the purpose of defending a tort against a city or in some other case of imperative necessity that could not be anticipated. There should be a fund provided to anticipate such contingencies.

The judgment of the district court will be reversed, with directions to reform that part of his judgment with reference to the manner and means of paying said judgment to conform herewith.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.