[Civ. No. 17562.   Second Dist., Div. One.   Nov. 16, 1950.]

EDWARD H. YOUNG, Appellant, v. BOARD OF BUILD-
ING AND SAFETY COMMISSIONERS OF THE CITY
OF LOS ANGELES et al., Respondents.

Arthur Garrett for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant
City Attorney, George William Adams and Alan G. Camp-
bell, Deputy City Attorneys, for Respondents.

DRAPEAU, J.—The alternative writ of mandate which
issued herein directed the respondent boards to reinstate
petitioner Young in the position of plumbing inspector from
which he had been discharged, or show cause why they had
not done so.  Respondents filed their answer to the petition
for the writ and on the day of the hearing, the matter was
submitted on a written stipulation of facts.  Thereafter, the
trial court entered its order discharging the petition for the
alternative writ and denying a peremptory writ of mandate.
Petitioner appeals from such order.

The record discloses that on August 18, 1944, ap-
pellant was appointed by the Superintendent of Building
to the position of plumbing inspector in the Department of
Building and Safety of the City of Los Angeles.  He occupied
such position until September 29, 1948.  On that date he was

discharged by said superintendent for violation of a resolution adopted on January 12, 1948, by the Board of Building and Safety Commissioners. This resolution provided: "Effective February 15, 1948, no employee of the Department of Building and Safety shall hereafter be or become an officer, with or without compensation, in any union affiliated with a national labor organization."

The notice of discharge served on appellant alleged a violation of the above resolution in that on "February 15, 1948, he was and thereafter continued to be and is president of Local Union No. 78 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, affiliated with the American Federation of Labor."

The members of said local union are engaged in the work of installing and repairing plumbing in the city of Los Angeles. Under the provisions of the municipal code, such work is required to be done under permits issued by the Department of Building and Safety. It must conform to the requirements of the code and receive the approval of the Superintendent of Building. Plumbing inspectors in the employ of the city inspect and approve or disapprove such work in the name of the Superintendent of Building, and otherwise enforce the provisions of the code relating to installation and repair of plumbing in the said city.

The petition for writ of mandate alleges that at the time of his discharge, appellant was receiving a salary of $375 per month and that from the time of his original employment by the city in 1940, he had discharged his duties efficiently and as a result of such employment he had acquired seniority, insurance and pension rights of great monetary value.

The record also discloses that appellant exhausted his remedies for reinstatement within the provisions of the charter of the city of Los Angeles before filing the instant petition in mandamus.

Appellant urges that the resolution of the board is arbitrary and discriminatory; and violative of his constitutional rights.

The resolution in question does nothing more than adopt a rule of conduct for employees of the Department of Building and Safety. It reads in full as follows:

"WHEREAS, the employees of the Department of Building and Safety are called upon to enforce the Municipal Code with fairness and impartiality to all; and

"WHEREAS, such employees should not be under obligation

to any union or organization whose members by trade or profession do work falling under the jurisdiction of the Department of Building and Safety; and

"WHEREAS, it is to the public interest and integrity of this Department, that such employees be free from any implication or appearance of prejudice in carrying out the duties of law enforcement;

"THEREFORE, BE IT RESOLVED by the Board of Building and Safety Commissioners that:

"Effective February 15, 1948, no employee of the Department of Building and Safety shall hereafter be or become an officer, with or without compensation, in any union affiliated with a national labor organization.

"Adopted January 12, 1948.

BOARD OF BUILDING AND SAFETY COMMISSIONERS."

Obviously this rule does not deny to a public employee the right of membership in a labor union. It makes holding office therein a ground for discharge. The reasons given in the resolution for the stated rule are that the employees of the department (1) should enforce the municipal code with fairness; (2) should not be under obligation to unions whose members do work under the jurisdiction of the department; (3) should be free from prejudice in their duties of law enforcement.

In *Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674, 678 [62 P.2d 1047], the petitioner for writ of mandate was a motor truck driver in the Bureau of Engineering. He was discharged for causing dissension among employees of the department by the circulation of a handbill protesting against rules adopted by the Board of Public Works for the conduct of such employees.

In considering the question whether his discharge was in violation of his constitutional rights to freedom of speech and assembly; arbitrary and capricious, the court stated:

"The right which is involved here is not that which petitioner thinks has been denied him, but is the right of respondents to exercise a reasonable supervision over city employees. . . . Such is not only the right but the duty of the city and its several departments. In the exercise of this duty they must be allowed a wide discretion and their acts are not subject to review by the courts until they have reached the point of illegality. . . . If petitioner's activities had a tendency to create dissension and unrest among the city em-

ployees and to interfere with the enforcement of reasonable rules of conduct prescribed by the Board of Public Works, it is not for the courts to declare that a dismissal based upon these facts would be without cause and therefore without authority under the charter of the city."

Appellant admits that *Perez* v. *Board of Police Commissioners,* 78 Cal.App.2d 638 [178 P.2d 537], is the latest pronouncement of the courts of this state on the right of municipal boards to restrict union membership of their employees. He argues, however, that the case is not decisive because the resolution there in question sets forth the reasons for the order, while the reasons for the rule here are almost entirely lacking. An analysis of the resolution, as hereinabove shown, completely refutes this argument.

In the Perez case it was stated at page 646: "Whether a rational connection exists between union membership and lack of competency as a police officer, obviously, is a matter of opinion. And the question was solely one for the Board of Police Commissioners to determine. . . . It should be noted, also, that the Board of Police Commissioners probably took into account the fact that labor unions are active politically, whereas civil service employees are prevented by law and as a condition of employment, from taking an active part in politics while on official duty or during working hours and, that means would be thus provided for doing indirectly and with impunity, that which the law specifically prohibits."

Continuing at page 651: "Manifestly, the acceptance of such a position results in the surrender of certain liberties. The people however are concerned with the public good and not with the ambition or desires of the individual, and conditions of public employment are determined accordingly. In this process of state government there is no conflict with the will of the people as expressed in the federal Constitution.

"As pointed out in *Congress of Industrial Organizations* v. *City of Dallas* [(Tex. Civ. App.) 198 S.W.2d 143, 145] hereto referred to, 'Courts, the country over, have uniformly sustained all governmental laws and regulations of the nature, intent and purpose of the ordinance of the City of Dallas.' And the same observation applies with equal force to the resolution of the Police Commission of the City of Los Angeles herein considered."

The rule prohibiting officeholding in a union is obviously not unreasonable on its face and the record herein does not

establish its invalidity. It is a matter of common knowledge that an officer of a union is more active in its affairs than ordinary members; also that the president of a local plumbers' union is more closely identified with it in the minds of those engaged in the plumbing industry than are ordinary members. As a result, the validity of the resolution must be upheld as a reasonable exercise of the authority vested in the respondent Board of Building and Safety Commissioners to control and manage the Department of Building and Safety in accordance with the provisions of the city charter.

For the reasons stated, the order appealed from is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 7, 1950, and appellant's petition for a hearing by the Supreme Court was denied January 11, 1951. Carter, J., voted for a hearing.