**STATE of Missouri ex rel. Chris BURKE et al., Respondents,**

v.

**Alfonso Juan CERVANTES, Mayor of the City of St. Louis, Missouri, Appellant.**

**No. 52595.**

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1968.

Eugene P. Walsh, Aubuchon & Walsh, St. Louis, for respondents.

Thomas F. McGuire, City Counselor, James J. Gallagher, Associate City Counselor, St. Louis, for appellant.

PRITCHARD, Commissioner.

Respondents, who are members of the City of St. Louis Fire Department (and claiming to be class representatives of the employees thereof), were successful upon their application for a writ of mandamus below in which the Mayor was directed by the Circuit Court to appoint a Firemen's Arbitration Board to consider grievances under § 290.350 et seq., RSMo 1959 (L.1963, p. 415, § 1 et seq.). The principal and determinative issue is whether those sections

apply or whether the City of St. Louis, being a constitutional charter city, has exclusive power to deal with the matters presented by the firemen under the Civil Service provision of its charter. The construction of Art. VI, Sec. 22, Const. of Mo. 1945, V.A.M.S., as applicable to said statutes being in issue, this court has appellate jurisdiction.

Respondents, as relators below, filed their petition for a writ of mandamus on November 16, 1965. Therein they alleged that they, Chris Burke, Vernon Houchin, George Thiele and Joseph McMahon, are paid members of the Fire Department of the City of St. Louis, residents of that city; that they bring the action on behalf of themselves and each and all other persons similarly situated who signed the petition for arbitration (hereinafter mentioned); that such persons are so numerous as to make it impracticable to bring them all before the court; that the rights which are the subject of this action are common to all members of the Fire Department; that plaintiffs have been fairly chosen and do adequately represent all other persons similarly situated who are paid members of the Fire Department.

It was further alleged that a dispute has arisen concerning wages and conditions of employment between members of the Fire Department and the Mayor and other officers of the city; that pursuant to said § 290.350 et seq., a petition for arbitration was signed by 850 members of the Fire Department (being greater in number than 51% of the employees of the Fire Department), and was sent to the former Mayor (Mayor Tucker) of the city on March 5, 1965. That petition recited the provisions of said § 290.350, and the signers, "being members of the St. Louis Fire Department, and members of International Association of Fire Fighters, Local #73, St. Louis, Missouri, do hereby authorize our representatives to seek arbitration for the purpose of resolving the following grievances: 1. Re-allocation—all ranks two grades. 2. Hospital and medical assistance. 3. Recog-

nition of longevity." Pursuant to the statute, four names were submitted as the signers' choice of representatives: 1. Russell E. Egan, 4560 Chouteau; 2. Paul Preisler, 4274 Shenandoah; 3. Oscar A. Ehrhardt, 1401 Hampton; and 4. Rev. Trafford P. Maher, S. J., 221 North Grand. It was lastly alleged that, although requested, the Mayor "has steadfastly and arbitrarily without good cause or justification refused and failed to abide by the provisions of Section 290.350 to 290.380 inclusive, Revised Statutes of Missouri 1959 (1963 Supplement), and failed to appoint four members of a firemen's arbitration board."

Section 290.350, supra, provides: "Whenever a dispute exists concerning wages, hours of labor, or conditions of employment of members of a paid fire department of any county, city, town, fire district, or other governmental unit having a population in excess of twenty thousand or located in a county of the first class, and a request for arbitration is made by either party to the dispute, a firemen's arbitration board shall be appointed as provided in sections 290.350 to 290.380. Request for arbitration may be made by written petition signed by at least fifty-one per cent of the employees of the fire department or by resolution of the county court, council, board, or other governing body having direction and control over the fire department."

Section 290.360 provides that the chief executive of the county, city or town or other governmental unit involved shall appoint four members of the board, two of whom shall be from the list of four or more submitted by the employees, and a fifth member shall be selected by the four so appointed by the chief executive. § 290.-370 provides that the board shall conduct hearings and report its findings and recommendations in writing to such chief executive officer, which recommendations shall be advisory only and shall not be binding upon the county, city, town, fire district, or other governmental unit or the members of the fire department.

Article VI, Sec. 19, Const.Mo.1945, V. A.M.S., substantially the same as Article IX, Sec. 16, Const.1875, except that the population requirement was reduced from 100,000, provides: "Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state, in the following manner: * * *." By authority of the 1875 Constitution, the City of St. Louis adopted a comprehensive charter which was effective August 29, 1914. The provisions of the charter so framed and adopted have the force and effect of legislative enactments, Giers Imp. Corp. v. Investment Service, 361 Mo. 504, 235 S.W.2d 355, and the same presents a complete system of local self-government, Kansas City v. Field, 270 Mo. 500, 194 S.W. 39.

■ By Point I, appellant contends that the trial court order and judgment requiring him to appoint a Firemen's Arbitration Board under said § 290.350 is in error because that statute is unconstitutional and void as to the city under the provisions of Art. VI, Sec. 22, Const.Mo.1945, V.A.M.S.: "No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution, and all such offices or employments heretofore created shall cease at the end of the terms of any present incumbents." It is said by appellant that by this constitutional provision (new in 1945) "the City of St. Louis and its various officers and employees are given a broad measure of complete freedom from State legislative control." Undoubtedly that is true. Compare City of Joplin v. Industrial Commission of Missouri, Banc, Mo., 329 S.W.2d 687, where it was said that to construe the Prevailing Wage Act as applicable to direct employees of public bodies would make it unconstitutional as to all constitutional charter cities because of said § 22. The City of Joplin was seeking to have the Prevailing Wage Act declared inapplicable to wage rates of workmen em-

ployed by *private* contractors in the execution of contracts for construction of relief sewers, mains and submains for the city. It was held that the Act was more than a local matter, that it was a matter of public policy as to wages paid to workmen employed by contractors throughout the state on public works of any public body (not cities only), and that the city's claim that requiring it to stipulate in its contracts for public works rates of pay, in accordance with the Act, would be in violation of Art. VI, Sec. 22 was without merit, because "Employment by private contractors is not municipal employment and as we have held only such private employment on public works is affected by the Act." 329 S.W. 2d 694 [9, 10].

Appellant further argues that the question of wages and working conditions of various employees is a matter of local concern. Respondents contrarily contend that said § 290.350 providing for the appointment of a Firemen's Arbitration Board does not deprive local government of its right to manage fire departments, and "The purpose of the statute is rather to create statewide uniform labor practices and is thus outside the scope of Article VI, Section 22 of the Missouri Constitution, 1945, * * *." There is much conflict in the decisions as to whether fire protection in municipalities is peculiarly local, or of state-wide concern subject to regulation by the state. 16 McQuillin, Municipal Corporations, 3rd Ed. §§ 45.01 and 45.03. In 37 Am.Jur. § 110, pocket part, it is said that a majority of the cases holds that legislation concerning municipal fire departments is a matter of state-wide concern and that a general statute on the subject applies to home-rule municipalities. But in the referenced annotations, 100 A.L.R. 1078, 1084, and 141 A.L.R. 903, 904, no case is reported on the subject wherein there is a constitutional limitation upon the legislature concerning interference with the powers and duties of municipal officers such as is contained in Art. VI, Sec. 22 of the Constitution of this state. The cases there refer-

enced and Professional Fire Fighters, Inc. v. City of Los Angeles, 60 Cal.2d 276, 32 Cal.Rptr. 830, 384 P.2d 158, relied upon by respondents are thus distinguishable.

■ Under the city's charter, and said Art. VI, Sec. 22, the Mayor as the chief executive officer of the city cannot be required to assume the additional duty of appointing a Firemen's Arbitration Board. The Mayor's duties are defined by Article VII, Section ,1 of the charter, "He shall exercise a general supervision over all the executive affairs of the city and see that each officer and employee performs his duty and that all laws, ordinances and charter provisions are enforced within the city." The charter of the city provides for a Director of Personnel and a Civil Service Commission which has jurisdiction over the wages and working conditions of all employees including firemen, of the city. Pursuant to the charter provision, the Civil Service Commission has provided rules and regulations governing allocations in grade of employees as to classes, providing for employee appeals therefrom (and further appeal may be had under the Administrative Procedure Act, Chapter 536, RSMo 1959, V.A.M.S. See State ex rel. Scott v. Scearce, Mo.App., 303 S.W.2d 175). In determining grievances of employees, appellant is not required to go beyond the comprehensive provisions of the city's charter relating to all employees of the city. `As applied to constitutional charter cities, §§ 290.350 and 290.360 are unconstitutional and void as imposing duties upon a municipal officer.

The judgment is reversed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

RANDALL, Special Judge, concurs.

EAGER, J., concurs in separate opinion filed.

FINCH, P. J., concurs and concurs in concurring opinion of EAGER, J.

DONNELLY, J., not sitting.

*Concurring Opinion*

EAGER, Judge.

I am inclined to feel that §§ 290.350 and 290.360 violate the prohibition of Art. 6, § 22 of the Constitution because their enforcement as to a charter city would result in "creating * * * any [a] municipal office * * *," rather than in requiring the Mayor to assume additional duties. These statutes, if enforced, would result in the appointment (creation) of an arbitration board of five members with specified functions and duties, although supposedly temporary. While thus functioning the board would nevertheless constitute a "municipal office." I do not wholly disagree with the conclusion of the principal opinion that these statutes would also confer an additional "duty" on the Mayor, but there may be some doubt as to whether or not the "powers, duties or compensation" specified and protected in the Constitution would include a mere isolated act of appointment such as this. In any event, I agree that these statutes are unconstitutional as applied to a constitutional charter city.