CITY OF ST. LOUIS, Appellant,

v.

Stephen DOSS, Respondent.

No. 73286.

Supreme Court of Missouri,
En Banc.

April 9, 1991.

Rehearing Denied May 3, 1991.

James J. Wilson, City Counselor, Edward J. Hanlon, Assoc. City Counselor, Julian L. Bush, St. Louis, for appellant.

Leo V. Garvin, Jr., Paul M. Maloney, Robert W. Butler, St. Louis, for respondent.

HOLSTEIN, Judge.

The City of St. Louis appeals from an adverse judgment in a proceeding brought to declare §§ 82.340, RSMo Supp.1990 [1] and 82.410 unconstitutional. The City claims that those sections violate art. VI, § 22 of the Missouri Constitution, that prohibits laws "fixing the powers, duties or compensation of any municipal office or employment, for any city ... adopting its own charter." This Court has jurisdiction. *Mo. Const.* art. V, § 3. The judgment is affirmed.

Defendant Stephen Doss is the duly appointed License Collector for the City of St. Louis. The office has existed for many years. It was created by statute pursuant to § 82.310. On June 23, 1989, the Board of Aldermen of the City of St. Louis enacted an ordinance that transferred all responsibilities for the collection of municipal taxes, fees and disbursement of taxes and fees collected from the License Collector to the Comptroller for the City of St. Louis.

In the following session of the legislature, § 82.340 was amended and a new § 82.340 was enacted. The new provisions were essentially the same as before, insofar as they imposed upon the License Col-

1. Unless otherwise noted, all references to stat- utes are to RSMo 1986.

lector the "exclusive authority ... to issue all licenses and receipts for license taxes, except water, dramshop and boat or wharf licenses." In addition, it provided:

No duties imposed under this section or designated for the license collector's office by the city shall be altered by any means other than legislative action. Any employees transferred from the license collector's office due to a change in such duties by a means other than legislative action shall be transferred back to the license collector's office to the positions previously held, even where such duties were changed within fifteen months prior to August 28, 1990.

The other section claimed to be unconstitutional is § 82.410. It states:

Every person, firm, association or corporation shall owe to the license collector all and every duty now due by law or ordinance to the city collector of the revenue or to the license commissioner, or other city officer of such city, with respect to the assessment, levy, issue, transfer or revoking of licenses, or license taxes, for any purpose whatever; all and every duty of said city collector, license commissioner and other officer of such city imposed by law or ordinance with respect to the assessment, levy, issue, transfer or revoking of licenses or license taxes for any purpose whatever is hereby transferred to the office of license collector created by sections 82.310 to 82.410.

On August 28, 1990, the revised § 82.340 became effective. On that day, Doss appeared at the office of the Collector of Revenue to resume his duties as License Collector. The City responded on August 31, 1990, by seeking a temporary restraining order to prevent Doss from attempting to collect license taxes and fees, and a declaratory judgment that §§ 82.340 and 82.410 are invalid. The trial court entered judgment denying injunctive relief and declaring that the two statutes are not in violation of the constitution. From that judgment the City appeals.

■ *Preisler v. Hayden*, 309 S.W.2d 645 (Mo.1958), involved almost the identical question presented here. A petition for declaratory judgment was filed to determine whether the office of License Collector had ceased to exist because of the provisions of art. VI, § 22 of the 1945 constitution. The Court noted that since 1875, St. Louis had been authorized to collect state revenue and perform all other functions in relation to the state in the same manner as if it were a territorial subdivision of the state. The Court examined the unique dual character of the City of St. Louis. It is "recognized as both a city and as a county." *Id.* at 647; *Mo. Const.* art. VI, § 31.

[T]he provisions of the 1945 Constitution [art. VI, § 22] did not invest the City of St. Louis with authority to frame and adopt a charter for the exercise of county governmental functions or to make provisions relating to the number, kinds, manner of selection, terms of office and salaries of county officers therein.

*Id.*

The Court went on to discuss the history of the office of License Collector, noting that from its origins the duties of the office included issuing licenses and collecting license taxes for both the state and the city.

[O]ur conclusion is that the office of License Collector in St. Louis must be classed as a county office. We base this among other considerations, on the many duties of the office which are county functions in the other counties of this state ... and also because, in creating this office, the Legislature provided for it to be filled by election at the State November election and for vacancies to be filled by appointment by the Governor, as usually provided for other county offices. Even the collection of licenses is not an exclusive municipal function as there are provisions for other counties to collect licenses of various kinds.

*Preisler* at 649. *See also Stemmler v. Einstein*, 297 S.W.2d 467, 469 (Mo. banc 1956).

■ The City of St. Louis claims it is not challenging the holding in *Preisler*. The City asserts that it is only raising a new issue; that is, whether the legislature may give the License Collector exclusive author-

ity to issue municipal licenses and collect municipal license taxes without violating art. VI, § 22. The answer is in the language of the constitution. "The key to the applicability of [a]rt. [VI], § 22, is the distinction between municipal offices and county offices. The constitutional provision covers only 'municipal office ... for any city.'" *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4, 9 (Mo. banc 1975). The constitution contains no prohibition against the legislature assigning a state or county official the responsibility to issue licenses and collect license taxes for a municipality.

The City argues that the proper construction of art. VI, § 22 requires that this Court segregate municipal functions from state functions. It suggests that in issuing municipal licenses and receiving municipal license taxes, the License Collector is performing municipal functions and is a municipal officer. That same argument was taken into consideration in *Preisler*. The Court there noted several different governmental entities to which the License Collector remitted tax collections, including the state, the School Board of St. Louis, the art museum, the library, the zoo and the City. Nevertheless, the office was determined to be a county office. *Preisler*, 309 S.W.2d at 649.

 If the functional approach suggested by the City were adopted, not only the License Collector, but county officers across the state would be considered officials of the various governmental subdivisions for which they perform duties. As a consequence, those officials would be subject to regulation by the governmental subdivisions. Subjecting county officials to the regulation of the diverse public entities for whom they perform services would soon lead to chaos. So long as the License Collector performs functions which are those identified with a county office, and so long as that office is elected in the state election as are other county offices, it remains a county office and subject to legislative control.

 The conflict between the statutes, § 82.340, as amended, and § 82.410, and

the ordinance adopted June 23, 1989, must be resolved in favor of the statutes. The constitution provides: "Any city which ... has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer ... provided such powers ... are not limited or denied ... by statute." *Mo. Const.* art. VI, § 19(a). Section 82.340, as amended, is an express limitation on the City denying it the authority to transfer the duties of issuing "licenses and receipts for license taxes, except water, dramshop and boat or wharf licenses" and other responsibilities to an official other than the License Collector. The ordinance was superseded and became unlawful when the statute was enacted.

The judgment is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS and COVINGTON, JJ., and CRIST, Special Judge, concur.

BILLINGS, J., not sitting.