Pat **DUJAKOVICH**, et al., Appellants,

v.

Robin **CARNAHAN**, et al., Respondents,

and

Travis Brown, et al., Intervenors.

No. SC 92062.

Supreme Court of Missouri, En Banc.

July 3, 2012.

Sarah Baxter, Stephen D. Walsh, Galen P. Beaufort, Assistant City Attorneys for Kansas City, for challengers.

James R. Layton and Jennifer Redel–Reed, Attorney General's Office, Jefferson City, for Secretary of State and the State.

Thomas W. Rynard, Marc H. Ellinger, James B. Deutsch, Stephanie Bell, Blitz, Bardgett & Deutsch LC, Jefferson City, for Let Voters Decide.

GEORGE W. DRAPER III, Judge.

Pat Dujakovich and Troy Schulte (hereinafter and collectively, "Appellant") appeal the trial court's grant of judgment on the pleadings against them in their challenge to the amendments to the state earnings tax statutes, sections, 92.105 through 92.125, RSMo Supp.2011.[1] Appellant raises three arguments: (1) the amendments violate article III, section 51 of the Missouri Constitution by using the initiative for the appropriation of money to pay the election costs to continue the earnings tax; (2) the requirement to hold recurring elections without providing state funds constitutes an unfunded mandate in violation of the Hancock Amendment; and (3) the amendments violate article VI, section 20 of the Missouri Constitution by using the statewide initiative process to amend a city charter.

**Facts and Procedural Background**

In 1963, the Missouri General Assembly enacted the enabling legislation which authorized Kansas City to levy an earnings tax for general revenue purposes. Sections 92.210 through 92.300. In 2009, an initiative petition proposing to amend chapter 92 was submitted to Secretary of State Robin Carnahan (hereinafter, "the Secretary of State"). The Secretary of State certified the ballot title to be placed before Missouri voters.[2] After certification of the ballot title, the initiative petition was circulated by Let Voters Decide, which gathered signatures of registered Missouri voters. Let Voters Decide submitted their petitions to the Secretary of State for determination of whether sufficient signatures were gathered. The Secretary of State certified the initiative petition, and it appeared on the statewide ballot on November 2, 2010, as "Proposition A."

Appellant filed this declaratory judgment action on August 13, 2010. Let Voters Decide, Travis Brown, and Scott Charton (hereinafter and collectively, "Intervenor") intervened in the case. On September 17, 2010, the trial court held an evidentiary hearing limited to the claims it considered to be ripe prior to the general election.[3] Proposition A was approved and adopted by a majority of the votes cast at the general election. After Proposition A was approved in the general election, discovery was conducted and

1. All further references herein are to RSMo Supp. 2011.

2. The certified ballot title stated:
   Shall Missouri law be amended to:
   • repeal the authority of certain cities to use earnings taxes to fund their budgets;
   • require voters in cities that currently have an earnings tax to approve continuation of such tax at the next general municipal election and at an election held every 5 years thereafter;
   • require any current earnings tax that is not approved by the voters to be phased out over a period of 10 years; and

   • prohibit any city from adding a new earnings tax to fund their budget?
   The proposal could eliminate certain city earnings taxes. For 2010, Kansas City and the City of St. Louis budgeted earnings tax revenue of $199.2 million and $141.2 million, respectively. Reduced earnings tax deductions could increase state revenues by $4.8 million. The total cost or savings to state and local governmental entities is unknown.

3. This appeal does not concern the trial court's judgment of September 20, 2010.

Appellant filed a second amended petition joining the State of Missouri as an additional defendant.

Intervenor, the Secretary of State, and the State filed separate motions to dismiss Appellant's petition, along with suggestions in support of their individual motions. Appellant filed motions in opposition. After a hearing on all of the motions, the trial court dismissed all counts with prejudice in its August 15, 2011, judgment. This Court has jurisdiction because the case involves the validity of a state statute. Mo. Const. art. V, sec. 3.

### Standard of Review

A motion to dismiss is an attack on the petition and is solely a test of the adequacy of that pleading. *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002). "When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "In testing the sufficiency of a petition purporting to state a claim for declaratory relief the question is not whether the petition shows that plaintiff is entitled to the declaratory relief [the plaintiff] seeks in accordance with the theory he [or she] states, rather, it is whether under the averments of [the plaintiff's] petition he [or she] is entitled to a declaration of rights at all." *City of Creve Coeur v. Creve Coeur Fire Protection Dist.*, 355 S.W.2d 857, 859 (Mo.1962). This Court will affirm the dismissal if it is supported by any ground, regardless of whether the trial court relied on that ground. *Stabler v. Stabler*, 326 S.W.3d 561, 566 (Mo.App. E.D.2010).

This Court reviews the constitutional validity of a statute *de novo*. *Gurley v. Missouri Bd. of Private Investigator Examiners*, 361 S.W.3d 406, 411 (Mo. banc 2012). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision." *In re Brasch*, 332 S.W.3d 115, 119 (Mo. banc 2011). This Court "resolve[s] all doubt in favor of the [statute's] validity." *Ocello v. Koster*, 354 S.W.3d 187, 197 (Mo. banc 2011) (quoting *Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 5 (Mo. banc 1984)).

### (1) Appropriation of money to pay election costs

Appellant claims the second amended petition alleged facts which demonstrated a justiciable controversy as to whether Proposition A violated article III, section 51 of the Missouri Constitution.[4] Appellant argues this initiative was a *de facto* appropriation by requiring local elections to continue the Kansas City earnings tax without providing a new revenue source for the cost of that election.

Proposition A stemmed from an initiative petition, seeking to terminate the authority of any city to collect an earnings tax. Missouri voters adopted Proposition A. Proposition A amended section 92.111.1, which now states:

> After December 31, 2011, no city, including any constitutional charter city, shall impose or levy an earnings tax, except, a constitutional charter city that imposed or levied an earnings tax on the effective date of this section may continue to impose the earnings tax if it submits to the voters of such city pursuant to section 92.115, the question whether to continue such earnings tax for a period of five years and a majority of such qualified

---

4. Article III, section 51 states, in pertinent part, "That initiative shall not be used for the appropriation of money other than of new revenues created and provided for thereby."

voters voting thereon approve such question, however, if no such election is held, or if in any election held to continue to impose or levy the earnings tax a majority of such qualified voters voting thereon fail to approve the continuation of the earnings tax, such city shall no longer be authorized to impose or levy such earnings tax except to reduce such tax. . . .

As a charter city that was authorized to collect an earnings tax on December 31, 2011, Kansas City may continue to maintain that tax. If Kansas City seeks continued authorization to impose an earnings tax, it now must seek the approval of its own qualified voters. Whether Kansas City seeks continued authorization to impose an earnings tax is purely discretionary. There is no mandate requiring an election. *Cf. State ex rel. Sessions v. Bartle*, 359 S.W.2d 716, 719 (Mo.1962) (finding proposed ordinance which established job classifications and wage schedules for employees that *shall* take effect and without providing additional revenues to pay increased salaries to be an appropriation violating article III, section 51).

Here, any cost of an election is within the pure discretion of Kansas City. Further, there is no prohibition against using the money raised from the earnings tax to pay for the costs necessary to continue the city's authorization of assessing a future earnings tax. *Committee For A Healthy Future, Inc. v. Carnahan*, 201 S.W.3d 503, 510 (Mo. banc 2006). Accordingly, there was no *de facto* appropriation.

### (2) Hancock Amendment Violation

■ Appellant argues the second amended petition alleged facts which demonstrated Proposition A violated the Hancock Amendment. Appellant claims the determination of whether the Hancock Amendment applies to Proposition A requires an interpretation of the Missouri Constitution and, therefore, the trial court erred in sustaining the motion to dismiss.

■ In 1980, Missouri voters adopted an amendment to the Missouri Constitution article X, sections 16 through 24, which are referred to commonly as the Hancock Amendment. The Hancock Amendment "aspires to erect a comprehensive, constitutionally-rooted shield to protect taxpayers from government's ability to increase the tax burden above that borne by the taxpayers on November 4, 1980." *Fort Zumwalt School Dist. v. State*, 896 S.W.2d 918, 921 (Mo. banc 1995). Its purpose was to "rein in increases in governmental revenue and expenditures." *Thompson v. Hunter*, 119 S.W.3d 95, 98 (Mo. banc 2003) (quoting *Roberts v. McNary*, 636 S.W.2d 332, 336 (Mo. banc 1982)). The Hancock Amendment's provision for an unfunded mandate states:

The state is hereby prohibited from reducing the state financed proportion of the costs of any existing activity or service required of counties and other political subdivisions. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agency of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.

Mo. Const. art. X, sec. 21. This provision places limitations upon the General Assembly, state agencies, and political subdivisions. There is no mandate restricting the power of the people to govern themselves by initiative, which is a constitutionally

protected right.[5] The Hancock Amendment was not violated.

### (3) Impermissible amendment to the City's charter

 Appellant believes the second amended petition alleged facts which demonstrated the use of an initiative process to amend the city charter of Kansas City violates article VI, section 20 of the Missouri Constitution. Appellant argues that the trial court's determination that the charter could be amended acknowledges that Appellant stated a claim for declaratory relief.

Proposition A did not amend Kansas City's charter. Proposition A repealed and replaced the statutory language in sections 92.210 through 92.300. Accordingly, the constitutional requirements of article VI, section 20 regarding amendments to a city's charter are not applicable.

 Kansas City only has the powers which are granted to it by the Missouri Constitution. "Any city which ... has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer ... provided such powers ... are not limited or denied ... by statute." Mo. Const. art VI, sec. 19(a). Any perceived conflict between the newly enacted statutory authority and a charter city must be resolved in favor of our State's statutory requirements. *City of St. Louis v. Doss*, 807 S.W.2d 61, 63 (Mo. banc 1991). Appellant did not state a claim for a violation of an amendment to the city charter of Kansas City because the charter was not amended by Proposition A.

### Conclusion

Appellant's second amended petition failed to demonstrate Appellant was entitled to a declaration of rights. *Creve Coeur*, 355 S.W.2d at 859. The trial court's judgment dismissing Appellant's second amended petition with prejudice is affirmed.

All concur.

---

5. Missouri citizens have the power "to propose and enact or reject laws and amendments to the constitution by the initiative, independent of the general assembly...." Mo. Const. art. III, sec. 49.