

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| JAMES J. WILSON, et al., | ) | *Opinion issued March 7, 2023* |
|     Respondents/Cross-Appellants, | ) | |
| | ) | |
| v. | ) | No. SC98907 |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
|     Respondents, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ADAM LAYNE, | ) | |
|     Appellant/Cross-Respondent. | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
|     Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
|     Appellant/Cross-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
The Honorable Michael F. Stelzer, Judge

The treasurer of the City of St. Louis and the State of Missouri appeal a judgment declaring sections 82.485 and 82.487[1] (the "parking statutes") constitutionally invalid because they create powers and duties of municipal offices of the City of St. Louis, a

---

[1] All statutory citations are to RSMo 2016, unless otherwise noted.

charter city, in violation of article VI, section 22 of the Missouri Constitution. On appeal, the treasurer claims the circuit court erred in granting summary judgment for the plaintiffs and cross-claimant, the City of St. Louis, because: (1) the plaintiffs and the city lack standing; (2) the parking statutes are constitutionally valid in that they permissibly fix the powers and duties of county, rather than municipal, offices; and (3) even if the statutes are constitutionally invalid, the void language in the parking statutes is severable pursuant to section 1.140. In its appeal, the state similarly claims the circuit court erred in granting summary judgment for the plaintiffs and the city because the parking statutes are constitutionally valid in that they permissibly impose duties on a county officer and county body and, if not constitutionally valid, the void language is severable.

This Court finds Alderman Jeffrey Boyd and the city have standing to challenge the constitutional validity of the parking statutes. The Court affirms the portion of the circuit court's judgment holding the provisions of the parking statutes creating duties for municipal offices are constitutionally invalid and void. The Court reverses the portion of the circuit court's judgment determining the invalid provisions cannot be severed. Pursuant to Rule 84.14, the Court enters the judgment the circuit court should have entered and strikes provisions of sections 82.485 and 82.487 as shown below. All remaining provisions of sections 82.485 and 82.487 remain valid and in effect.

**Background**

In January 2017, James Wilson and Charles Lane, two residents of the city, sued the state, the city, and the city's treasurer, comptroller, director of streets, director of parking operations, and alderman appointed to serve as chairperson of the board of aldermen's

2

traffic committee.  As relevant to this appeal, the plaintiffs sought a judgment declaring the parking statutes constitutionally invalid because they create powers and duties of municipal offices of a charter city in violation of article VI, section 22 of the Missouri Constitution.  The petition also sought injunctive relief enjoining the defendants from acting pursuant to the parking statutes.

In August 2017, Alderman Boyd, who was serving as the chairperson of the aldermanic streets, traffic, and refuse committee, intervened in the suit as a plaintiff.  Like Mr. Wilson and Mr. Lane, in his petition, Mr. Boyd sought a judgment declaring the parking statutes constitutionally invalid because they create powers and duties of municipal offices of a charter city in violation of article VI, section 22 of the Missouri Constitution.

In September 2017, the city filed a cross-claim against the state, asserting the same constitutional challenge against the parking statutes.  In November 2017, the city filed a motion for summary judgment on its cross-claim, arguing the parking statutes violate article VI, section 22 in that they create a municipal office, a parking commission, and additional duties of existing offices in a charter city.  On April 5, 2018, the circuit court entered an "order and judgment" for the city and against the state.

After the circuit court sustained the city's motion for summary judgment, Mr. Wilson and Mr. Lane filed a joint motion for partial summary judgment with Mr. Boyd on the constitutional challenges to the parking statutes in their respective petitions.  They first argued the parking statutes violate article VI, section 22 of the Missouri Constitution because section 82.485.4 creates a municipal office in a charter city, a parking commission. They alternatively claimed the parking statutes violate section 22 by imposing a duty on

certain municipal offices to serve on the parking commission. On October 25, 2018, consistent with its ruling on the city's motion, the circuit court sustained the joint motion for summary judgment in an "order and judgment."

In its summary judgments, the circuit court held the parking statutes violate article VI, section 22 because they create or fix the powers and duties of the comptroller, the director of streets, and the chairperson of the aldermanic traffic committee. It further found the constitutionally invalid provisions could not be severed from the remainder of sections 82.485 and 82.487, so it declared the entirety of the parking statutes invalid and void.

The treasurer and the state appealed the summary judgments prior to the resolution of the other claims asserted in the plaintiffs' petition.[2] This Court dismissed the appeals for lack of a final judgment. *See Wilson v. City of St. Louis*, 600 S.W.3d 763, 773 (Mo. banc 2020). On remand, the circuit court found against the plaintiffs on their remaining claims, and the treasurer and the state appealed from the circuit court's final judgment.[3] This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution because the appeal involves the constitutional validity of a statute of this state.

---

[2] After the circuit court sustained their joint motion for summary judgment, Mr. Wilson, Mr. Lane, and Alderman Boyd filed consolidated and amended petitions. The plaintiffs' third and final amended and consolidated petition asserted three counts. The first count challenged the constitutional validity of the parking statutes. Counts II and III attacked the validity of the city's schedule of parking fines and penalties and sought declaratory and injunctive relief in relation to the city's professional services contract ordinance.

[3] The plaintiffs also filed a notice of appeal, but they failed to file an appellant's brief and, as a result, abandoned their appeal. *Krause v. Assurant, Inc.*, 158 S.W.3d 329, 332-33 (Mo. App. 2005).

**Standing**

In his first claim of error, the treasurer asserts the circuit court erred in sustaining the plaintiffs' and the city's motions for summary judgment because they failed to establish standing to challenge the parking statutes' constitutional validity.[4]

"When standing is questioned, this Court must determine the issue of standing before examining the substantive issues in the case, as a lack of standing would require dismissal." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 438 (Mo. banc 2013); *see also* Anthony J. Meyer, *Standing in Missouri's Federal and State Courts*, 77 J. Mo. B. 120, 121-22 (2021). Whether a party has standing is a legal issue reviewed *de novo*. *Trenton Farms RE, LLC v. Hickory Neighbors United, Inc.*, 603 S.W.3d 286, 290 (Mo. banc 2020). The burden to establish standing lies with the party seeking relief. *Scweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013). In an action seeking a declaratory judgment, "the criterion for standing is whether the plaintiff has a legally protectable interest at stake" in the outcome of the litigation. *St. Louis Cnty. v. State*, 424 S.W.3d 450, 453 (Mo. banc 2014).

In the city's statement of uncontroverted material facts filed with its motion for summary judgment, the city alleged the director of streets and Alderman Boyd are municipal officers and are "each required to assume additional powers and to perform additional duties as a result of the requirement that they serve on the parking commission referenced in [the parking statutes]." The city argued the parking statutes, therefore, violate

---

[4] The state does not claim the city and the plaintiffs lack standing.

article VI, section 22 and encroach on its exclusive authority to create or fix the powers and duties of its municipal offices and employments.

The record on the city's motion for summary judgment contained sufficient uncontroverted facts to establish it has an interest at stake in the litigation. Specifically, the city has a legally protectable interest in preserving its home rule authority and preventing the assignment of unconstitutional duties to its municipal offices and employments. Such an interest has been implicitly recognized in a prior declaratory judgment action the city filed to challenge the constitutional validity of other statutes under article VI, section 22. *City of St. Louis v. Doss*, 807 S.W.2d 61 (Mo. banc 1991). Therefore, the city has standing to challenge the parking statutes' constitutional validity.

The treasurer argues a contrary finding is required because, should the city prevail in obtaining a declaration that the parking statutes are invalid, a parking commission will still exist in the city. While there are city ordinances establishing a parking commission, the membership of such parking commission is not comprised of the same officers.[5] The comptroller, for instance, is not a member of the parking commission created by city ordinance 17.62.010. The city's interest in controlling the duties of its municipal officers and guarding its offices from the burden of constitutionally invalid duties imposed by statute remains at stake in the litigation. The existence of the parking commission created by city ordinance does not deprive the city of standing.

---

[5] The relevant city ordinances were made part of the summary judgment record below.

The record on the plaintiffs' motion for partial summary judgment also establishes Alderman Boyd, as the chairperson of the aldermanic streets, traffic, and refuse committee, was required to perform allegedly constitutionally invalid duties as a result of the parking statutes. In his capacity as the chairperson of the aldermanic streets, traffic, and refuse committee, Alderman Boyd had a personal stake in the outcome of the litigation because the remedy sought will alleviate the alleged injury – being required to perform duties the state imposed through the parking statutes on the office he holds, in violation of article VI, section 22. As a result, Alderman Boyd has standing. *Cf. St. Louis Cnty.*, 424 S.W.3d at 453 (stating a party does not have standing when the remedy sought would not alleviate the alleged injury).[6]

The treasurer relies on *Sommer v. City of St. Louis*, 631 S.W.2d 676, 679 (Mo. App. 1982), to support his claim Alderman Boyd does not have standing solely by virtue of the fact he is an alderman. But the holding of *Sommer* is not applicable. There, a city alderman sought an advisory opinion as to what was "legal for the Board of Aldermen to do in terms of voting." *Id.* Alderman Boyd does not seek an opinion advising him how to cast his votes on the board of aldermen. He seeks a judgment declaring the duties imposed on his office, as the alderman serving as chairperson of the streets, traffic, and refuse committee, are constitutionally invalid. Alderman Boyd alleges an existing and ongoing injury – he is

---

[6] In his brief, the treasurer states in a footnote that Alderman Boyd is no longer serving as chairperson of the streets, traffic, and refuse committee, referencing the city's website. The treasurer does not ask the Court to take judicial notice of the city's website or cite authority permitting the Court to do so. Nor does he acknowledge Rule 52.13(d) provides Alderman Boyd's successor in office would automatically be substituted as a party.

statutorily required to perform constitutionally invalid duties – capable of redress in this litigation.

Because Alderman Boyd is found to have standing, the Court need not address whether Mr. Wilson and Mr. Lane have standing. So long as one of the plaintiffs establishes standing, the Court may consider the claim. *Comm. for Educ. Equal. v. State*, 294 S.W.3d 477, 486 (Mo. banc 2009) (citing *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007)).

**Parking Statutes Constitutionally Invalid**

The state and treasurer claim the circuit court erred in entering summary judgment on the motions of the city and plaintiffs because it held the parking statutes violate article VI, section 22 of the Missouri Constitution. This Court reviews the grant of summary judgment *de novo* and will affirm if summary judgment was appropriate on any basis supported by the record. *Brehm v. Bacon Twp.*, 426 S.W.3d 1, 3-4 (Mo. banc 2014). A statute's constitutional validity is a question of law also reviewed *de novo*. *Id.* at 4. Statutes are presumed to be constitutionally valid. *Trenton Farms*, 603 S.W.3d at 290. The party challenging a statute has the burden of proving it "clearly and undoubtedly violates constitutional limitations." *Id.*

Article VI, section 22 provides:

No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution, and all such offices or employments heretofore created shall cease at the end of the terms of any present incumbents.

8

It is an uncontroverted fact the City of St. Louis is a charter city protected by the provisions of article VI, section 22. The question for this Court is whether the parking statutes create or fix the powers or duties of a municipal office or employment in the City of St. Louis.

The parking statutes create a parking commission "of any city not within a county." Section 82.487.1. Section 82.485.4 provides the parking commission is composed of five members: the treasurer, as supervisor of parking meters, whose position is to act as the parking commission's chairperson; the chairperson of the aldermanic traffic committee; the director of streets; the comptroller; and the director of parking operations, a position within the treasurer's office. Section 82.485.4 then provides the parking commission "shall approve parking policy as necessary to control public parking, shall set rates and fees to ensure the successful operation of the parking division, and require a detailed accounting of parking division revenues[.]"

Section 82.487.1 further provides the parking commission "shall be the city's authority for overseeing public parking" and, on the city's behalf, the parking commission must approve:

> (1) Guidelines governing the administrative adjudication, disposition and collection of any parking violations or complaints issued by the city;
> (2) Budget modifications for the parking fund, also known as the "parking meter fund"; and
> (3) The acquisition, development, regulation and operation of such parking facilities or spaces owned in whole or in part, leased or managed by the parking division.

Section 82.487.1. Finally, section 82.487.2 provides the treasurer, as supervisor of parking meters, "shall be subject to the oversight and authorized funding in whole or in part, by the parking commission."

9

These provisions require the comptroller, director of streets, and the alderman serving as chair of the aldermanic traffic committee to serve as members of the parking commission. In determining whether mandatory service on a board or commission is the imposition of a "duty" prohibited by article VI, section 22, the primary rule is to give effect to the voters' intent by considering the plain and ordinary meaning of the word, *Johnson v. State*, 366 S.W.3d 11, 25 (Mo. banc 2012), which is "typically found in the dictionary," *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 (Mo. banc 2018).

The dictionary definition of "duty" includes "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession . . . assigned participation in activity[.]" WEBSTER'S THIRD NEW INT'L DICTIONARY UNABRIDGED 705 (3d. ed. 2002). Considering the plain and ordinary meaning of "duty," the requirement in section 82.485.4 that certain city officers serve on the parking commission requires them to perform duties. This Court reached a similar conclusion in *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873, 879 (Mo. banc 1977), when it held a statutory provision "imposing the duty of chairman [of a statutorily created board] upon the chairman of the board of health of the city" was constitutionally invalid under article VI, section 22. The Court finds, therefore, section 82.485.4 creates duties of the city offices of comptroller, director of streets, and the alderman appointed to serve as chair of the aldermanic traffic committee.

The treasurer and the state urge the Court to reach the opposite conclusion. They argue the parking statutes impose no duties on the individual municipal offices assigned to the parking commission because the parking statutes create duties only for the treasurer

and the parking commission as a body, not for the individual municipal offices. And, they argue, because the parking statutes contain no quorum requirement for the parking commission, the individual city officers would never be required to perform any specific duty. Appellants' arguments do not recognize the constitutional prohibition is against the creation of duties of offices and services on the parking commission is a duty of three city offices, so it is immaterial whether the individuals in the offices actually perform the duties assigned to the offices. Further, in the absence of a specific quorum provision in the parking statutes, the parking commission's authority may be exercised only by a majority of its members, *see* section 1.050, which would require at least one of the city officeholders to participate.

The treasurer and the state further argue, even if section 82.485.4 creates duties, the City of St. Louis is both a city and a county and article VI, section 22 does not prohibit statutes creating duties for county offices. They assert the parking commission is a county entity and, when serving as members of the parking commission, the city officers are acting in their county capacities. The treasurer and state cite *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4 (Mo. banc 1975), for this proposition.

At issue in *McClellan* was whether certain statutes were constitutionally invalid under article VI, section 22 in requiring "all counties of the first class not having a charter form of government" to "appoint a county medical examiner and set his compensation." *Id.* at 6. In other provisions, the statutes stated the "governing body of the county may make an order presenting the proposition for the establishment of a county medical examiner at a special election or at any primary or general election," and, with respect to

11

"any county of the first class composed entirely of a city with a population of more than six hundred thousand, the term 'governing body of the county' means the mayor of such city and the terms 'city medical examiner' shall be used in lieu of 'county medical examiner.'" *Id.* (alterations omitted).

The Court held the statutes did not violate article VI, section 22 because "'[t]here can be no question that the office of Medical Examiner . . . is a county office; it replaces the county office of coroner'" and the activity of the mayor, as the "governing body of the county," – calling an election for the purposes of electing the office of city medical examiner, appointing the medical examiner, and fixing the medical examiner's compensation – involves the city of St. Louis in its capacity as a county. *Id.* at 9 (alterations in original). In that capacity, the mayor was "subject to the general laws of the state." *Id.*

The Court in *McClellan* distinguished *State ex rel. Burke v. Cervantes*, 423 S.W.2d 791 (Mo. 1968), because the statutes held constitutionally invalid in that case dealt with city officers "*in connection with city affairs.*" *McClellan*, 519 S.W.2d at 9 (emphasis added). There, the St. Louis mayor claimed a statute requiring him, as the city's chief executive, to appoint a firemen's arbitration board violated article VI, section 22, and the Court agreed. *Cervantes*, 423 S.W.2d at 793. Noting the city charter defined the mayor's duties, the Court held the mayor was "not required to go beyond the comprehensive provisions of the city's charter relating to all employees of the city" and the statutes impermissibly imposed "duties upon a municipal officer." *Id.* at 794.

This case is more analogous to *Cervantes* than to *McClellan* as the parking statutes impose duties on municipal offices whose duties are otherwise defined by the city charter

12

and deal with city affairs. The parking statutes do not purport to apply to counties, generally. Rather, they apply only to the City of St. Louis. Section 82.485.1 provides, "The treasurer of any city not within a county is hereby made and constituted supervisor of parking meters." Section 82.487.1 further provides, "The parking commission of any city not within a county shall be the city's authority for overseeing public parking[.]" And the parking commission acts "[o]n behalf of the city" to approve:

(1) Guidelines governing the administrative adjudication, disposition and collection of any parking violations or complaints issued by the city;
(2) Budget modifications for the parking fund, also known as the "parking meter fund"; and
(3) The acquisition, development, regulation and operation of such parking facilities or spaces owned in whole or in part, leased or managed by the parking division.

*Id*. There is nothing in the parking statutes to suggest the activities they require involve the City of St. Louis in its capacity as a county.

Finally, the treasurer claims the Court should interpret the parking statutes to create duties for county offices because such an interpretation would render the statutes constitutionally valid. The treasurer relies on the canon of construction "that if one interpretation of a statute results in the statute being constitutional while another interpretation would cause it to be unconstitutional, the constitutional interpretation is presumed to have been intended." *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 838-39 (Mo. banc 1991). Canons of statutory construction, however, are employed only when a statute is ambiguous. *Ben Hur Steel Worx, LLC v. Dir. of Revenue*, 452 S.W.3d 624, 626 (Mo. banc 2015). "Constitutional construction is not required if the words at issue are plain and unambiguous." *Saint Louis Univ. v. Masonic Temple Ass'n of St. Louis*,

13

220 S.W.3d 721, 726 (Mo. banc 2007).  Here, the parking statutes unambiguously create duties for city offices of the City of St. Louis in violation of article VI, section 22.

Because the parking statutes create duties of the offices of comptroller, director of streets, and the alderman serving as chairperson of the aldermanic traffic committee, the provisions in sections 82.485 and 82.487 creating those duties violate article VI, section 22.  The circuit court's judgment is affirmed in this respect.

**Invalid Provisions Severable**

Having concluded the provisions of section 82.485 requiring municipal officers to serve as members of the parking commission are constitutionally invalid, the Court must address whether the circuit court erred in determining the invalid provisions could not be severed from the remaining provisions of the parking statutes so the statutes in their entireties were invalid and void.

Section 1.140 governs the severability of substantively invalid statutory provisions. *Planned Parenthood of St. Louis Region v. Dep't of Soc. Servs., Div. of Med. Servs.*, 602 S.W.3d 201, 211 (Mo. banc 2020).  It provides:

> The provisions of every statute are severable.  If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with legislative intent.

Section 1.140.  It is presumed the legislature intended to give effect to the remaining valid provisions.  *Dodson v. Ferrara*, 491 S.W.3d 542, 558 (Mo. banc 2016).

14

The treasurer and the state argue the circuit court should have severed only the language requiring the municipal officers to serve as members of the parking commission. As severed under the treasurer and the state's view, section 82.485.4 would read: "The parking commission, which shall consist of the supervisor of parking meters as chairperson, ~~the chairperson of the aldermanic traffic committee, the director of streets, the comptroller~~ and the director of the parking operations, shall . . . ."

The void language, however, is so inseparably connected with the remaining provisions creating and governing the parking commission that the Court cannot presume the legislature would have enacted the remaining provisions without the void language. Doing as the treasurer and state suggest would leave a two-member commission consisting of the treasurer and the director of parking operations, removing any municipal participation in the parking commission, and the treasurer would be left to perform the parking commission's duties as well as the duties of the office of supervisor of parking meters. In exercising the powers and duties of the parking commission, the treasurer would essentially oversee himself as supervisor of parking meters as he would constitute one half of the commission and the other member is the director of parking operations, who the city states is an employee in the treasurer's office. The provisions requiring the city officers to serve as members of the parking commission are inseparably connected with the remaining provisions creating a parking commission and defining its duties.

The plaintiffs assert the circuit court was correct that section 82.487 must be held entirely invalid because subsection 2 subjects the treasurer, as supervisor of parking meters, "to the oversight and authorized funding in whole in part, by the parking commission." As

15

a result, the plaintiffs argue the existence of the state-created parking commission is so inextricably connected with the remaining provisions that the Court cannot presume the legislature would have tasked the treasurer with duties in subdivisions (1)-(6) of subsection 2 without parking commission oversight and authorized funding.

While it might be desirable to subject the treasurer, as supervisor of parking meters, to the oversight of, and authorized funding by, the parking commission, it is not obvious the legislature would not have charged the treasurer with the duties listed in subsection 2 in the absence of a parking commission. Beyond providing the treasurer is subject to the parking commission's oversight, the statute does not specifically condition the performance of any of the treasurer's duties on the parking commission's approval. The presumption of severability is not overcome.

Additionally, the history of the provisions creating and governing the parking commission supports finding they are severable from the remaining provisions of section 82.485. In 1990, the General Assembly enacted a version of section 82.485 that was substantially the same as the current version but without the provisions regarding the parking commission, which evidences the General Assembly would have enacted the provisions that remain after removing the invalid provisions creating the parking commission. These remaining provisions are complete and capable "of being executed in accordance with the legislative intent." Though section 82.485.4 would no longer provide for a parking commission, none of the remaining powers and duties assigned to the treasurer, as supervisor of parking meters, requires the existence of a parking commission.

With the void language stricken, section 82.485.4 reads:

16

The supervisor of the parking meters shall each year submit for approval to the board of aldermen, ~~having first been reviewed by the parking commission,~~ an operating budget projecting revenues and expenses for the fiscal year beginning July 1, 1990, and for each fiscal year thereafter. ~~The parking commission, which shall consist of the supervisor of parking meters as chairperson, the chairperson of the aldermanic traffic committee, the director of streets, the comptroller and the director of the parking operations, shall approve parking policy as necessary to control public parking, shall set rates and fees to ensure the successful operation of the parking division, and require a detailed accounting of parking division revenues from any agent or agency, public or private, involved in the collection of parking revenues.~~ The supervisor of parking meters shall draw upon the parking meter fund annually a portion of such fund according to the parking division's operating budget to pay any debt obligations, salaries, contracts, expenditures for repairs and maintenance, and make any capital improvements, and a portion of such fund shall at the end of each fiscal year then be transferred to the general fund of the city. The transfer to the general fund shall be no more than forty percent of the parking meter fund's net change in the fund's balance after all payments for capital improvements and debt service have been made.

So too, the void language relating to the parking commission in section 82.487.1-.2 is severable from the rest of the statute. Despite the remaining valid provisions granting and assigning powers and duties to the treasurer in section 82.487 being connected to the void language relating to the parking commission, the valid provisions are not "so essentially and inseparably connected with, and dependent upon, the void provision[s] that it cannot be presumed the legislature would have enacted the valid provisions without the void one[s]." None of the remaining valid provisions are dependent on the existence of the void provisions. Without the void provisions, that which remains is complete and capable of constitutional enforcement in accordance with legislative intent.

With the void language stricken, section 82.487.1-.2 reads:

~~1. The parking commission of any city not within a county shall be the city's authority for overseeing public parking, including planning and coordinating~~

17

~~policies, programs and operations for any parking facility or spaces owned in whole or part, leased or managed by the parking division. On behalf of the city, the parking commission shall approve:~~

~~(1) Guidelines governing the administrative adjudication, disposition and collection of any parking violations or complaints issued by the city;~~
~~(2) Budget modifications for the parking fund, also known as the "parking meter fund"; and~~
~~(3) The acquisition, development, regulation and operation of such parking facilities or spaces owned in whole or in part, leased or managed by the parking division.~~

2. The treasurer of any city not within a county shall be the parking supervisor, also known as the "supervisor of parking meters", for any parking facility or space owned in whole or part, leased or managed by the city parking division, and by virtue of his office, shall ~~be subject to the oversight and authorized funding in whole or in part, by the parking commission~~:

(1)  Establish joint public-private parking ventures;
(2)  Supervise the acquisition, development and operation of parking division properties or facilities owned by title or funded in whole or in part, leased or managed by the parking division;
(3)  Make and pay contracts and other obligations;
(4)  Supervise any other on-street and off-street parking programs and assets;
(5)  Shall provide the comptroller with monthly reports of all parking revenues collected by the city; and
(6)  Make biannual installment payments of the annual general fund transfer ~~subject to the parking commission's approval~~ and provide the comptroller and treasurer with monthly reports of all parking revenues collected by the city.

In summary, only the provisions in the parking statutes relating to the parking commission are so inseparably connected with, and dependent upon, the void language in section 82.485.4 creating additional powers and duties for municipal offices in the City of St. Louis in violation of article VI, section 22. The remaining provisions granting and assigning the treasurer, as supervisor of parking meters, certain powers and duties, standing alone, are complete and capable of execution in accordance with legislative intent, and it

18

is presumed the legislature would have enacted them without the void provisions relating to the parking commission. The circuit court erred in holding the parking statutes invalid in their entirety and failing to strike only the language the Court holds stricken above.

## Conclusion

The provisions in sections 82.485 and 82.487 creating a parking commission and creating powers and duties for municipal offices in the City of St. Louis violate article VI, section 22. As a result, the language creating the parking commission and making municipal officers members of the parking commission is void. Those provisions are severable, pursuant to section 1.140, from the remaining provisions in sections 82.485 and 82.487. Therefore, the Court affirms the portion of the circuit court's judgment holding the provisions in sections 82.485 and 82.487 creating duties of the offices of comptroller, director of streets, and the alderman serving as the chairperson of the aldermanic traffic committee are constitutionally invalid and void. The Court reverses the portion of the circuit court's judgment determining the invalid provisions cannot be severed and holding the sections 82.485 and 82.487 are invalid and void in their entireties. Pursuant to Rule 84.14, the Court enters the judgment the circuit court should have entered and strikes provisions in sections 82.485 and 82.487 as held above. The remaining provisions in sections 82.485 and 82.487 are held to be valid and in effect.


_____
PATRICIA BRECKENRIDGE, JUDGE


All concur.

19